UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 22-cv-283 (KMM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Abdala Aden, *dba* LaFoole Tax Services, | |
| Defendant. | |

On April 1, 2022, based on the parties' stipulation, the Court entered an Order and Judgment of Permanent Injunction ("the Injunction") against Abdala Aden, which required him to provide certain information to the government and prohibited him from, among other things, engaging in federal tax return preparation services. ECF No. 8. Because Mr. Aden failed to comply with the requirement that he provide the government with certain information as contemplated by the stipulation and Injunction, the government sought a finding of contempt to bring Mr. Aden into compliance with the Injunction. ECF No. 10. The Court issued an Order to Show Cause, requiring Mr. Aden to appear in person for a hearing on July 27, 2022. Although counsel for the government traveled from Washington, D.C., to attend the hearing and address the motion for contempt, Mr. Aden failed to appear. ECF No. 17. During that hearing, the government made an oral motion for costs, and afterward, the government's counsel submitted an affidavit in support of that request. ECF No. 19.

1

Eventually, Mr. Aden engaged in these proceedings, and through counsel, opposed the motion for contempt while negotiating with the government concerning the information it sought in connection with the Injunction. ECF Nos. 21–30. On December 1, 2022, the Court entered an Order granting in part and denying in part the government's motion for contempt. ECF No. 31. In relevant part, the Court denied the government's request for imposition of a daily fine as a contempt sanction because doing so would not further achieve the goal of compelling Mr. Aden's compliance with the Injunction. However, the Court also noted that contempt sanctions can be imposed "to compensate the complainant for losses sustained." *Id.* at 9 (citing *Chicago Truck Drivers v. Bhd. Lab. Leasing*, 207 F.3d 500, 505 (8th Cir. 2000). Because the government made its oral motion for costs at a hearing where neither Mr. Aden nor his attorney had appeared, the Court instructed Mr. Aden to respond to the government's request. *Id.* at 9–11 & ¶¶ 4–6. Because Mr. Aden has responded, the Court now issues a ruling on the government's motion.

## I.   The Government's Motion and Mr. Aden's Response

In support of the oral motion, the government's counsel explains that prior to July 2022, "she spent approximately 15.25 hours conducting legal research; attempting to contact Aden's counsel; drafting the contempt motion and compiling supporting exhibits; editing the written submissions; and filing." ECF No. 19 ¶ 3. In July, leading up to the July 27, 2022 hearing on the Court's Order to Show Cause, counsel attests that she spent an additional 14.5 hours attempting to contact Mr. Aden's attorney; drafting and reviewing arguments; drafting and reviewing direct examination questions; and practicing arguments. *Id.* ¶ 5. Accordingly, the government sets forth the following request:

> We are seeking fees in accordance with the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2)(A). The EAJA limits attorney fees to $125 per hour unless the court determines that an increase in the cost of living or a special factor, . . . justifies a higher fee." Using the $125 per hour rate, the total amount of attorney fees for preparing the motion to show cause would be $1,906.25 and the amount for preparing for the hearing would be $1,812.50. Accordingly, using the reasonable attorney fees rate under 28 U.S.C. § 2412(d)(2)(A), Aden's refusal to cooperate and abide by [the Injunction] cost the United States Government $3,718.75 in attorney's fees.

*Id.* ¶ 6. Counsel also attests to traveling from Washington, D.C., to St. Paul to attend the July 27, 2022 hearing, and in doing so, incurring airfare, lodging, and transportation expenses totaling $911.97. *Id.* ¶ 7.

Mr. Aden has now responded to the government's motion and opposes the request on several grounds. First, he argues that the EAJA only authorizes recovery of attorney's fees and costs *against the government*, but not by it. Second, Mr. Aden contends that even if the EAJA permits the government to recover fees and costs, the Court should not award them in this case because the government's counsel failed to provide detailed time records and other documentation to substantiate the requested recovery. He argues that the failure to provide such documentation means any award in this case would not be based on evidence of any actual losses sustained by the government. Third, because the government was not wholly successful in obtaining the contempt sanction of a daily fine, Mr. Aden suggests that the government did not truly prevail and therefore no costs or fees should be awarded. Finally, Mr. Aden suggests that the government should not have filed its motion for contempt or otherwise incurred fees and costs associated with these contempt proceedings because he provided plaintiff's counsel with an affidavit earlier in the

3

litigation indicating that he did not have many of the records and other information the Injunction required him to produce. In his response, Mr. Aden did not argue that he was financially unable to pay the government's requested compensatory sanction. ECF No. 32.

Although given the option to file a reply, the government elected not to. ECF No. 31 at 11 ¶ 5 ("Plaintiff may, but is not required to, file a reply concerning the request to recover attorney's fees and costs incurred in bringing the motion for contempt and for Plaintiff's counsel's attendance at the July 27, 2022 show-cause hearing.").

## II. Discussion

Based on the entire record in this proceeding, the Court finds that the government has demonstrated that Mr. Aden's contempt caused it to sustain actual losses in this case and that it is entitled to recover an appropriate compensatory sanction. As a result, the government's request for attorney's fees and expenses is granted in part and denied in part.

### A. EAJA

First, the Court addresses Mr. Aden's argument that the government's motion should be denied because the EAJA does not authorize the United States to recover attorney's fees and expenses. The Court finds that it need not resolve this issue. Mr. Aden likely raised this argument because plaintiff's counsel's affidavit states "we are seeking fees in accordance with the Equal Access to Justice Act." ECF No. 19 ¶ 6. However, when read in the context of counsel's entire affidavit, the Court concludes that the government is not taking the position that the EAJA is the source of authority allowing it to recover attorney's fees and expenses in this case. The government did not point to any provision of the EAJA that itself modifies the ordinary rule that parties to litigation bear their own

4

attorney's fees and expenses. Instead, plaintiff's counsel cited only 28 U.S.C. § 2412(d)(2)(A). That subparagraph defines "fees and other expenses" as those terms are used elsewhere in the statute, and it identifies $125 per hour as a baseline reasonable hourly rate for fee awards. Reading the relevant paragraph in plaintiff's counsel's affidavit as a whole, this reference to the EAJA simply identifies a potentially reasonable measure of an hourly rate for counsel's work that was allegedly necessitated by Mr. Aden's noncompliance with the Injunction. ECF No. 19 ¶ 6. This is akin to the position the government has taken in other collateral litigation over fees. *See United States v. Baroody*, No. cv-08-910-PHX-ROS (LOA), 2009 WL 2634149, at *4 (D. Ariz. Jan. 21, 2009) ("The United States argues that at a minimum, the United States should be awarded a rate equate to the rate referenced in the Equal Access to Justice Act (28 U.S.C. § 2412(d)(2)(A))." (cleaned up)).

Moreover, even if Mr. Aden's argument is correct, and the EAJA acts as a one-way street that does not permit the United States to recover its attorney's fees and expenses when it is the prevailing party, this would not mean that the government would have no avenue for recovery of the requested fees and expenses in this matter. That is because the Court has already found that Mr. Aden was in contempt until he began making reasonable efforts to comply with the Injunction following the September 22, 2022 hearing on the government's contempt motion. ECF No. 31 at 8. Consequently, Mr. Aden may be subject to a compensatory contempt sanction irrespective of the EAJA. Courts have generally held

5

that a compensatory sanction can be imposed to reimburse the federal government for the losses it sustained because of another's contempt.[1]

### B. Additional Arguments

Mr. Aden raises two additional arguments that fail to persuade the Court that the government's request should be denied outright. The first is his suggestion that because he provided an affidavit to the government's counsel on June 20, 2022, in which he averred that he no longer remembered or had access to the information that the Injunction required him to provide, the government's request for recovery of fees and expenses incurred in pursuing contempt proceedings should be denied. Essentially, Mr. Aden argues that his failure to comply with the Injunction did not cause the government to suffer any loss, and it was instead the government's own actions that led it to incur the fees and expenses it now seeks to recover. ECF No. 32 at 2 (stating that Mr. Aden had shown "the impossibility

---

[1] *See United States v. Rue*, 819 F.2d 1488, 1495 (8th Cir. 1987) ("[W]e find no abuse of discretion in the awarding of damages to the IRS to compensate for the reasonable expenses and attorney's fees it incurred in the prosecution of the contempt proceeding."); *see also United States v. Lindberg*, Civil File No. 05-2581 (MJD/JJG), 2006 WL 2069280, at *1–2 (D. Minn. July 26, 2006) (granting the government's motion for attorney's fees incurred in litigating motion to enforce IRS Summons); *United States v. Dowell*, 257 F.3d 694, 697, 699–700 (7th Cir. 2001) (upholding district court's civil contempt sanction imposed to compensate "for actual losses sustained as a result of [the attorney's] refusal to appear at trial," including costs of jurors' service and mileage, the government's transportation, the defendant's lunch, and the service of the show cause order); *United States v. McCorkle*, No. 6:98-CR-52-ORL-19C, 2000 WL 33725124, at *6 (M.D. Fla. Sept. 14, 2000) (stating that "[a]s a compensatory sanction, the Court could require that Mr. Bailey pay the Government for the expenses it has incurred due to Mr. Bailey's contumacious conduct" but declining to order such sanctions because the government did not pursue them).

of his ability to comply with each of the provisions at issue"). The problem with this argument is that this Court has already addressed, and rejected, the contention that Mr. Aden's June 20th affidavit demonstrated an inability to comply with the relevant portions of the Injunction. ECF No. 31 at 8. Therefore, providing that affidavit to the government does not transform the government's fees and expenses incurred in pursuit of civil contempt proceedings brought on by his noncompliance into a self-inflicted harm.

Next, the Court is unpersuaded by Mr. Aden's argument that the Court should deny the government's request because it was unsuccessful in securing the sanction of a daily fine that it initially requested when it brought the motion for contempt. This argument misses the mark because the government requested a daily fine only as a coercive sanction to bring Mr. Aden into compliance with the Injunction's relevant provisions regarding providing information to the government and notice to former clients and employees. The government's goal in pursuing contempt was to get Mr. Aden to conform his conduct to the Injunction's terms to the extent that was possible, and the government's efforts in this case ultimately achieved that result. The government's purpose in bringing the motion for contempt was *not* to make Mr. Aden pay $100 a day. Moreover, the fact that the Court ultimately found it unnecessary to impose any coercive sanction does not change the fact that until Mr. Aden took steps to substantially comply with the Injunction's informational obligations, his failure to produce the records caused the government to incur unnecessary litigation expenses.

### C. Insufficient Detail

Finally, the Court turns to the crux of Mr. Aden's remaining arguments. In several variations on the same theme, Mr. Aden contends that the government has failed to provide sufficient proof to support its request for attorney's fees and expenses. Although he acknowledges that a contemnor may be required to pay a compensatory sanction to a complainant for the losses the complainant sustained, he asserts that the amount must be based on evidence that is lacking on this record. *See* ECF No. 32 at 8–9 (citing *World Wrestling Ent., Inc. v. AWA Wrestling Ent., Inc.*, Case No. 07-cv-2058 (ADM/KMM), 2019 WL 2393062, at *1 (D. Minn. Apr. 12, 2019), *R&R adopted*, 2019 WL 2393009 (D. Minn. Apr. 30, 2019)). Specifically, he suggests that the government's request should be denied because plaintiff's counsel failed to provide detailed timekeeping records showing precise billing entries, and instead offered an affidavit that inadequately describes tasks performed in a manner akin to disfavored "block-billing" practices. *Id.*

As the Court has previously noted, fashioning an appropriate remedy for civil contempt is committed to the court's broad discretion. *Edeh v. Carruthers*, No. 10-cv-2860 (RHK/JSM), 2011 WL 4808194, at *3 (D. Minn. Sept. 20, 2011) (citing *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys.*, 369 F.3d 645, 657 (2d Cir. 2004)). "Generally, a compensatory sanction 'may not exceed the actual loss to the complainant caused by the actions of respondent lest the contempt fine become punitive in nature, which is not appropriate in a civil contempt proceeding.'" *In re Tetracycline Cases*, 927 F.2d 411, 413 (8th Cir. 1991) (quoting *NLRB v. Laborer's Int'l Union*, 882 F.2d 949, 955 (5th Cir. 1989)). Awarding attorney's fees and expenses incurred by the moving party seeking to

8

enforce a court order is a recognized form of compensatory civil contempt sanction. *See Jake's, Ltd. v. City of Coates*, 356 F.3d 896, 900 (8th Cir. 2004); *see also World Wrestling Ent.*, 2019 WL 2393062, at *4 (recommending partially granting the plaintiff's motion for contempt sanctions insofar as plaintiff sought compensation for attorney's fees and expenses incurred in making the motion and for the purpose of coercing defendant's compliance with a permanent injunction). A compensatory sanction "must of course be based upon evidence of complainant's actual loss." *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947). Courts in this district have assessed the reasonableness of a request for attorney's fees incurred in civil contempt proceedings "according to the familiar 'lodestar method'—that is, the number of hours reasonably expended multiplied by a reasonable hourly rate." *Walman Optical Co. v. Quest Optical, Inc.*, No. 11-CV-0096 (PJS/JJG), 2012 WL 3248150, at *11 (D. Minn. Aug. 9, 2012).

Mr. Aden is correct that in other cases in which courts have awarded attorney's fees and expenses as a compensatory sanction, parties have submitted their billing records themselves as evidence of the actual loss they seek to recover. *See, e.g.*, *Walman Optical Co.*, 2012 WL 3248150, at *10–15 (reviewing billing records and reducing requested fees because rates requested and hours expended were excessive); *Bricklayers & Allied Craftworkers Serv. Corp. v. Archithority United L.L.C.*, No. 19-CV-2588 (MJD/ECW), 2020 WL 7249860, at *17 (D. Minn. Nov. 3, 2020), ("Bricklayers submitted its counsel's

9

invoices with time entries for that period.")[2]; *Bd. of Trustees of Teamsters Joint Council 32 - Emps. Health & Welfare Fund v. H. Brooks & Co. LLC*, No. 21-CV-1455 (KMM/DJF), 2023 WL 2414533, at *1 (D. Minn. Mar. 8, 2023) (noting the plaintiff's submission of billing records supported the request for recovery of fees and costs).

To the extent Mr. Aden suggests that the government's request must be denied because the government did not submit documentary evidence of plaintiff's counsel's timekeeping entries, the Court disagrees for two reasons. First, none of the cases cited by Mr. Aden, nor any that the Court has encountered in its own research, support the proposition that in the absence of documentary evidence in the form of detailed time records, no other evidence will satisfy the burden of production facing a party moving for recovery of attorney's fees and expenses. Second, the Court finds that the government has submitted evidence of the fees and expenses incurred as a result of Mr. Aden's failure to abide by the terms of the Injunction. Specifically, the government filed the Declaration of Elizabeth Kirby, which conforms to the requirements of 28 U.S.C. § 1746. That Declaration sets forth the hours Ms. Kirby expended in tasks related to the preparation and filing of the motion for contempt, her time spent in preparation for and attendance at the July show-cause hearing, and the lodging and travel expenses incurred in connection with

---

[2] Because citation to the subsequent history of this case is lengthy, the Court includes it in this footnote: *Report and recommendation adopted sub nom. Bricklayers & Allied Craftworkers Serv. Corp. v. Archithority United LLC*, No. CV 19-2588 (MJD/ECW), 2020 WL 6938626 (D. Minn. Nov. 25, 2020), *vacated*, No. 19-CV-2588 (MJD/JFD), 2022 WL 18542344 (D. Minn. July 14, 2022).

10

that hearing. Therefore, the Court does not consider the absence of documentary evidence in this case to be a sound basis for denying the government's request altogether.

What this leaves is the Court's consideration of the government's request through the lens of the well-known lodestar method. In considering whether the fees requested by the government are reasonable, the Court finds that the $125 per hour rate proposed by the government is reasonable for the work Ms. Kirby performed. *See Walman Optical Co.*, 2012 WL 3248150, at *12 (finding a reduced $250 per hour rate reasonable for private counsel's work on pursuing contempt proceedings). Mr. Aden does not contest that $125 per hour is a reasonable rate at which to value plaintiff's counsel's time.

However, Mr. Aden objects to the sufficiency of the government's evidentiary showing concerning the number of hours plaintiff's counsel expended in pursuing the civil contempt proceedings occasioned by his noncompliance with the Injunction. Here, the Court finds Mr. Aden's argument partially persuasive. Although the entire dollar figure of the attorney's fees claimed by the government ($3,718.75) does not strike the Court as outrageous, Mr. Aden is correct that Ms. Kirby's Declaration relies on block-billing, which makes it difficult to assess the reasonableness of time spent on the individual tasks she has identified. In the end, having considered the entire history of this litigation and based on the Court's experience reviewing fee requests, the Court finds the total figure in attorney's fees to be higher than necessary to compensate the government for its actual loss in this case. The Court finds that based on the unique circumstances of this case, a compensatory sanction reimbursing the government for 20 hours of attorney work is reasonable. This reflects the time the Court finds reasonable on the facts of this case to communicate with

11

opposing counsel, to conduct adequate legal research, to prepare motion papers and memoranda, to file the motion and supporting documents, and to prepare for, travel to, and attend the hearing. As a result, the Court finds that $2,500.00 represents the reasonable attorney's fees to be imposed as a compensatory sanction for Mr. Aden's contempt.

Finally, Mr. Aden does not present any persuasive reason for the Court to conclude that his noncompliance with the Injunction did not cause the government to incur the $911.97 in airfare, lodging, and travel expenses in connection with plaintiff's counsel's travel to St. Paul from Washington, D.C., for the July 27, 2022 hearing. The Court finds those expenses are reasonable and compensable and should be paid by Mr. Aden.

## III. ORDER

For the reasons stated above, **IT IS HEREBY ORDERED THAT**

1. The Government's oral motion for recovery of attorney's fees and expenses is **GRANTED**;

2. Mr. Aden shall pay the government $3,411.97 as a compensatory contempt sanction. This compensatory sanction includes $2,500.00 in reasonable attorney's fees and $911.97 in expenses incurred in connection with the government's motion for contempt.

Date: April 25, 2023

                                            *s/Katherine Menendez*
                                            Katherine Menendez
                                            United States District Judge